**In re William M. RHODES and Patricia Rhodes, Debtors.**

**Bankruptcy No. N85-30656-WHD.**

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

July 1, 1988.

Gus L. Wood, Wood, Odom & Edge, P.A., Newnan, Ga., Robert Romeo Brown & Romero, Jonesboro, Ga., for debtor.

Ann Reid, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for IRS.

### ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on the above-referenced debtors' objection to the claim filed by the United States of America/Internal Revenue Service ("IRS"). The Court conducted a hearing on the debtors' objection on April 15, 1988, at which time the parties were directed to submit briefs on the matter. The facts of the case are as follows.

The debtors filed their Chapter 7 case on November 1, 1985. The Order for Meeting of Creditors dated November 7, 1985 notified creditors that there appeared to be no assets in the debtors' estate from which any dividend would be paid and that it was therefore unnecessary for creditors to file claims at that time. *See* Bankruptcy Rule 2002(e).

The trustee subsequently determined that certain promissory notes, which had been scheduled as exempt property by the debtors, could be sold for the benefit of the estate and the creditors. The Court authorized the sale of the property by Order entered on August 29, 1986.

On September 5, 1986, the Court entered an Order and Notice which notified creditors that a distribution from the estate appeared possible and which set December 4, 1986 as the last day for filing claims. *See* Rule 3002(c)(5). It appears that no creditors filed claims within that period.

The IRS filed a claim on August 21, 1987, and a motion for an extension of time to file a claim on January 28, 1988. The motion requested an extension under Rule 3002(c)(6), which permits the Court to grant an extension of time to file claims against any surplus remaining after all allowed claims have been paid in full. The motion stated that the trustee had informed the IRS that a surplus would remain in this case after payment of all claims filed by the December 4, 1986 deadline and all administrative expenses.

By Order entered on February 1, 1988, with the consent of the trustee, the Court granted the motion of the IRS to file a claim against the surplus pursuant to Rule 3002(c)(6). The debtors would not authorize their previous attorney to consent to the extension of time. The IRS filed a second proof of claim on February 10, 1988.

The debtors filed their objection to the claim of the IRS on February 11, 1988. The debtors argue that the claim is dischargeable and that the IRS did not file its proof of claim within the time allowed.

The debtors assert that Rule 3002(c)(1) permits the Court to extend the time for the filing of a claim by the United States or other governmental unit only if a motion for extension is filed before the expiration of the original deadline period. Here, the IRS did not seek an extension of time until after the December 4, 1986 deadline.

The debtors overlook the fact that the IRS requested an extension not under Rule 3002(c)(1) but instead under Rule 3002(c)(6), which permits an extension for filing claims against a surplus without any limitation as to when the motion for extension was filed. The Court's Order granted the extension of time pursuant to subsection (c)(6) of Rule 3002, and the claim of the IRS was thus timely filed.

It also appears that it was unnecessary for the IRS to request an extension in this case due to the existence of a surplus and the rules of distribution set out in § 726 of the Bankruptcy Code. Code § 726(a)(3) provides that, following the payment of priority claims and allowed unsecured claims, the payment of tardily filed claims are third in the order of distribution. Therefore, the late claim of the IRS filed on August 21, 1987, before any extension of time was granted, would have entitled the IRS to a distribution from the surplus remaining after other claims are paid.

In fact, any extension granted pursuant to Rule 3002(c)(6) should be given to all creditors to give them a chance to share in the distribution from a surplus and not merely to the creditor who requested the extension. *See* Rule 2002(a)(4). However, since there are few other creditors in this case, it does not appear necessary to reopen the issue to give other creditors the same extension which was granted to the IRS on its motion.

The fact that the tax claim of the IRS is dischargeable is not relevant to the Court's holding in this matter. The debtors apparently regard their discharge, which was granted on March 28, 1986, as an Order that any dischargeable claims could no longer be paid or collected. That is not the case, as no distribution to creditors had been made at that point. When the trustee's efforts resulted in a realization of funds to this estate, the fact that a discharge had been entered certainly does not mean that no distribution to creditors would be made from said funds. As the *Collier* treatise states in its discussion of the Rule 3002(c)(6) extension of time to file claims against a surplus: "Another reason for granting the extension is to prevent the surplus from going back to the debtor while a creditor remains unpaid." 8 *Collier on Bankruptcy* ¶ 3002.05[7] at p. 3002–18 (15th ed. 1987). Thus, the debtors' assertion that the money held by the trustee is "their" money is incorrect. Both the Bankruptcy Code and Rule 3002(c)(6) presume that property of the estate will be used, if possible, to pay the claims of the debtors' creditors before any refund is made to the debtors.

Accordingly, it is ORDERED that the debtors' objection to the claim filed by the United States of America is OVERRULED.